**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ERIKA HOOPER,**

    **Plaintiff,**

v.                                                       **Case No.  8:14-cv-2778-T-30EAJ**

**IDEAL IMAGE DEVELOPMENT**
**CORPORATION, et al.,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Strike Jury Demand (Dkt. 21) and Plaintiff's Response in Opposition (Dkt. 22).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

**BACKGROUND**

Plaintiff Erika Hooper filed the instant employment action against Defendants, alleging claims under the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act ("Title VII"), and the Americans with Disabilities Act ("ADA").  Hooper's amended complaint demands a jury trial on all counts so triable.

Defendants argue that Plaintiff is not entitled to a jury trial because she signed a jury trial waiver as a condition of her employment and continued employment.  Specifically, on November 8, 2012, Hooper signed Defendant Ideal Image Development Corporation's

Employee Obligation Agreement (the "Agreement"). The Agreement is a six-page document. The jury waiver language is contained on the last page of the Agreement in a paragraph that begins on the fifth page of the Agreement, titled "Governing Law; Resolution of Disputes." The jury waiver language is the only capitalized language in the paragraph and states as follows: "THE PARTIES HEREBY WAIVE A JURY TRIAL IN ANY LITIGATION ARISING UNDER OR RELATING TO THIS AGREEMENT OR THE EMPLOYMENT OF THE EMPLOYEE WITH THE COMPANY." (Dkt. 22). The jury waiver language is on the same page as Hooper's signature. On this same page, Hooper also printed her name, address, and date.

## DISCUSSION

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Systems, Inc.*, 164 Fed. Appx. 820, 823 (11th Cir. 2006). To determine whether a jury trial waiver is knowing and voluntary, courts consider, among other factors: 1) the conspicuousness of the provision of the contract; 2) the level of sophistication and experience of the parties entering into the contract; 3) the opportunity to negotiate terms of the contract; 4) the relative bargaining power of each party; and 5) whether the waiving party was represented by counsel. *See Collins v. Countrywide Home Loans, Inc.,* 680 F. Supp. 2d 1287, 1294 (M.D. Fla. 2010); *Allyn v. Western United Life Assur. Co.,* 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004). No single factor is determinative; rather, the Court must determine "whether, in light of all the

circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn,* 347 F. Supp. 2d at 1252.

The Court concludes that Hooper's jury trial waiver was knowing and voluntary. The jury waiver contained in the Agreement is conspicuous, clear, and unambiguous. The language is set apart in capitalized letters and it is located on the same page as Hooper's signature and hand-written name, address, and date.

The jury trial waiver is sufficiently worded in plain, clear language, allowing an unsophisticated, inexperienced person to understand that she waived her right to a jury trial. Moreover, Defendants point out that Hooper is an educated person; she had an Associate degree from Florida State University and a Bachelors of Arts degree from the University of Florida at the time she signed the Agreement.

With respect to the parties' relative bargaining power and the opportunity to negotiate, this Court has held that a jury trial waiver is not unenforceable simply because one party is a large corporation and the other party is in need of the corporation's services. *See Collins*, 680 F. Supp. 2d at 1295. Moreover, Hooper does not point to any evidence showing that she was pressured to sign the Agreement. Hooper also does not assert that she was prevented from attempting to negotiate the terms of the Agreement.

Finally, this Court has held that a jury trial waiver may be enforced against a party who was not represented by counsel. *See id.* at 1296. And Hooper does not argue that she was deprived of the opportunity to obtain counsel, or that she even desired to consult with an attorney prior to signing the Agreement.

In sum, the Court concludes that Hooper's jury trial waiver was knowing and voluntary because there is no evidence demonstrating that the jury waiver was unconscionable, contrary to public policy, or unfair. *See Oliva v. Infinite Energy, Inc.*, No. 1:11-cv-00232-MP-GRJ, 2012 WL 11868265, at *13 (N.D. Fla. Oct. 12, 2012) ("[T]he mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable.").[1]

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Strike Jury Demand (Dkt. 21) is granted.

2. Plaintiff Erika Hooper's jury demand contained in the amended complaint is hereby stricken.

**DONE** and **ORDERED** in Tampa, Florida on April 1, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-2778.grantmtstrike-jury-demand-21.wpd

---

[1] Hooper's "first breaching party" argument is without merit. Hooper did not allege a breach of contract claim in this case.